IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLUS L. HAYNES,

               Plaintiff,

        vs.                                       Case No. 05-1250-JTM

STATE OF KANSAS, PHILL KLINE, and
ERIC RUCKER,

               Defendants.

## MEMORANDUM AND ORDER

      This matter comes before the court on the defendants' Motion to Dismiss (Dkt. No. 10). Defendants argue that the doctrine of res judicata bars this action, this court lacks subject matter jurisdiction, and plaintiff fails to state a claim upon which relief may be granted. Plaintiff responds that this action is viable. After reviewing the parties' arguments, the court grants defendants' motion.

## I. BACKGROUND

      On November 20, 2003, plaintiff initiated litigation against the Office of the Attorney General of the State of Kansas, as well as Phill Kline, Eric Rucker, Scott Davison, Whitney Watson and Amanda Nations in their individual and official capacities, in the United States District Court for the District of Kansas at Topeka in Case No. 03-CV-4209-RDR (the "2003 case"). Plaintiff brought the 2003 case "for various unconstitutional and unlawful acts experienced by plaintiff during his employment and shortly after termination of his employment

with the defendant." Specifically, plaintiff asserted claims for alleged violations of his Fourth

and Fourteenth Amendment rights, 18 U.S.C. § 2511, 42 U.S.C. § 1983, and for common law

invasion of privacy arising out of an allegedly illegal "search" of the computer he used during his

employment with the Office of the Attorney General.

On summary judgment, U.S. District Court Judge Richard Rogers determined that

defendants were entitled to summary judgment on plaintiff's Fourth and Fourteenth Amendment

claims. Judge Rogers found that plaintiff had not demonstrated an objectively reasonable

expectation of privacy in material kept on his work computer. In the alternative, Judge Rogers

determined that even if plaintiff had a reasonable expectation of privacy in the computer and its

contents, plaintiff could not go forward based upon the doctrines of sovereign and qualified

immunity because it was not clear to a reasonable government official that the conduct was

unlawful. The court issued the opinion on August 26, 2005.

On August 5, 2005, plaintiff filed the instant action with this court. In his five-count

complaint, plaintiff alleges causes of action under Title VII, 42 U.S.C. § 1981, state law on

breach of contract, violation of 42 U.S.C. § 1983 and intentional infliction of emotional distress.

The complaint alleges that defendants discriminated against plaintiff on the basis of his race.

After plaintiff served this action, defendants filed the present motion for dismissal.

**II. STANDARD OF REVIEW**

Res judicata requires the satisfaction of four elements: 1) the prior suit must have ended

with a judgment on the merits; 2) the parties must be identical or in privity; 3) the suit must be

based on the same cause of action; and 4) the plaintiff must have had a full and fair opportunity

to litigate the claim in the prior suit. Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255,

2

1257 (10th Cir. 1997).  See Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation, 975

F.2d 683, 686 (10th Cir.1992).

This Circuit employs the transactional approach of the Restatement (Second) of

Judgments to determine whether an action arises out of a single cause of action. Under this test,

the courts preclude claims "arising out of the same 'transaction, or series of connected

transactions' as a previous suit."  Restatement (Second) of Judgments § 24 (1982)).  "What

constitutes the same transaction or series of transactions is 'to be determined pragmatically,

giving weight to such considerations as whether the facts are related in time, space, origin, or

motivation, whether they form a convenient trial unit, and whether their treatment as a unit

conforms to the parties' expectations or business understanding or usage.' "  Mitchell v. City of

Moore, Oklahoma, 218 F.3d 1190, 1202 (10th Cir. 2000) (citations omitted).  See also Clark v.

Haas Group, Inc., 953 F.2d 1235 (10th Cir. 1992).

"Res judicata operates to bar all claims arising out of the same transaction which could

and should have been raised in that action."  Zhu v. Countrywide Realty, Co., Inc., 165 F.

Supp.2d 1181, 1192 (D. Kan. 2001).  See Schwartz v. Coastal Physician Group, Inc., No. 98-

2085, 172 F.3d 63 (Table), 1999 WL 89037, at *3 (10th Cir. Feb. 23, 1999).  A party may not

defeat the doctrine of res judicata simply by alleging new legal theories through which to

relitigate issues.  Clark, 953 F.2d at 1238.  Res judicata applies where two cases operate on the

"same transactional nucleus of facts" and "involve substantially the same evidence" and where

resolution of both cases turn on the same primary issue.  Myers v. Colgate-Palmolive Co., 102 F.

Supp.2d 1208, 1224 (D. Kan. 2000).

3

## III. ANALYSIS

In reviewing this action, it is clear that the first two elements of res judicata have been satisfied.  The prior suit ended with judgments on its merits and the parties are the same or in privity.   The only question is whether this suit is based on the same cause of action, which plaintiff had a full and fair opportunity to litigate in the prior suit.

Applying the transactional approach here, the court finds that the parties should have reasonably expected the two cases to be tried together.  <u>Zhu</u>, 156 F. Supp. 2d at 1192.  The underlying issue for both cases was plaintiff's employment termination.  <u>Myers</u>, 102 F. Supp.2d at 1224.  In his prior case, plaintiff attacked defendants' review of computer e-mails at or around the period of time related to his termination. In this case, plaintiff is challenging his termination based on state and federal law related to employment discrimination. Both cases stem from the common transactional nucleus of facts related to plaintiff's discharge. The relevant facts as to time, space, origin and motivation were available at the time of plaintiff's original filing to try all claims in one case.

Although this case is not as easily classified as <u>Myers</u>, where the difference in the two cases stemmed almost exclusively from the legal cause of action, the principles in <u>Myers</u> are still applicable here.  Plaintiff's two cases involve similar evidence as to employment relationships and administrative policies, though substantively relating to a search near termination of employment versus the alleged motivation for termination from employment.  There is a danger that plaintiff's separate suits tend to create piecemeal litigation, requiring defendants to expend additional resources in defending against a suit. The court discourages such an approach to

litigating in the courts.

IT IS ACCORDINGLY ORDERED this 16th day of May 2006, that the court grants defendants' Motion to Dismiss (Dkt. No. 10).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE