IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLUS HAYNES,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF KANSAS; PHIL KLINE; and ERIC RUCKER in their official and individual capacities,<br><br>        Defendants. | Case No. 05-1250-JTM |

MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's Motion to Extend Deadline to File Notice of Appeal and Recognize Plaintiff's Notice of Appeal. For the reasons set forth below, the court grants plaintiff's motion.

*I. Factual Background:*

The court granted defendant's motion to dismiss based on *res judicata* principles on May 17, 2006. Thereafter, on June 17, 2006, plaintiff's counsel filed the Notice of Appeal. However, plaintiff's counsel failed to account for the fact that May consists of thirty-one days. Due to plaintiff's error, the Notice of Appeal was filed one day late. Plaintiff filed this motion on June 26, 2006, which requests this court to extend plaintiff's deadline to file his Notice of Appeal.

*II. Standards:*

Fed.R.App.Pro. 4(a)(5)(A) states that "[t]he district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and "that party shows excusable neglect or good cause."

*III. Conclusions of Law:*

This court finds that plaintiff meets the standard prescribed by Rule 4(a).  First, plaintiff filed the present motion within the 30 days required by the rule.  Plaintiff's Notice of Appeal was due to the court on June 16, 2006.  Plaintiff was one day late with the notice; however, plaintiff filed for the extension within the 30 days prescribed by the rule, on June 26, 2006.

Furthermore, plaintiff has demonstrated excusable neglect.  The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993) (discussing application of the excusable neglect standard of Fed. R. Bankr.P.R. 9006(b)(1))).  Relevant factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Jennings*, 394 F.3d at 856.

Here, plaintiff's counsel states that due to time spent in Houston, Texas, for intensive document review, plaintiff's counsel was unable to review the missed deadline for filing.  Upon returning to the office on June 26, 2006, plaintiff's counsel made the present motion.  Plaintiff's counsel made the present motion at the earliest possible date upon his return, which demonstrates

a good faith effort. Finally, the court notes that due to plaintiff's counsel's timing of the present motion, the length of delay and potential impact on the judicial proceedings is minimal. In total, the factors indicate that the reason for the delay demonstrates excusable neglect. For these reasons, the court grants plaintiff's motion. The court extends the deadline for plaintiff's counsel to file his Notice of Appeal by October 31, 2006.

    IT IS ACCORDINGLY ORDERED this 25th day of October, 2006, that Plaintiff's Motion to Extend Deadline to File Notice of Appeal and Recognize Plaintiff's Notice of Appeal (Dkt. No. 22) is granted.

                                      s/ J. Thomas Marten
                                      J. THOMAS MARTEN, JUDGE